UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **NORTHERN DIVISION at ASHLAND**

| | |
|---|---|
| KUNTA K. REDD, ) | |
| ) | |
| Plaintiff, ) | Civil No. 0:21-cv-006-JMH |
| ) | |
| V. ) | |
| ) | |
| DAVID LEMASTER, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

                         ****    ****    ****    ****

Plaintiff Kunta K. Redd is a federal inmate currently confined at the Federal Correctional Institution ("FCI")–Ashland located in Ashland, Kentucky. Proceeding without an attorney, Redd previously filed a civil complaint against prison officials, [R. 1], and has now filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [R. 5]. The Court has reviewed Redd's motion and supporting documentation and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because Redd has been granted *pauper* status in this proceeding, the $52.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

Because Redd is a prisoner proceeding *in forma pauperis*, the Court must conduct a preliminary review of Redd's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. Upon initial screening, the Court must dismiss any claim that is frivolous or malicious,

1

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). At this stage, the Court accepts Redd's factual allegations as true and liberally construes Redd's legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Redd's complaint is evaluated under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

**I.**

The allegations of Redd's complaint are somewhat vague and disjointed, so the basis for his claims is not entirely clear. He alleges that various prison officials "have violated all my Amendment rights fifth Amendment Due process." [R. 1, at 2]. He states that the staff is "racist" and will not transfer anyone under the First Step Act, nor will they place anyone in home confinement. *Id*. However, he later alleges that prison staff are "transferring inmates everywhere but [won't] transfer inmates near home," only transferring them to another prison in Kentucky or to a drug program in West Virginia. *Id*. at 3  He states that "this prison is racist and this town!" *Id*.

Redd also alleges that, under the previous Warden, the prisoners received frozen meals for lunch and dinner. *Id*. at 2. He

2

then states that "the medical staff here let us go for months medical help for the illness 'check' for COVID-19." *Id*. He also states that there have been no checks from "psychological," nor any tests on inmates for post-traumatic stress. *Id*. Based upon these allegations, he claims that his rights under the Fourth, Fifth, and Eighth Amendments have been violated. *Id*. at 4.

## II.

### A.

As a threshold matter, Redd admits that he has not exhausted his administrative remedies with respect to his claims.[1] Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner wishing to challenge the circumstances or conditions of his confinement must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231

---

[1] The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff, and then to institute a formal grievance with the warden within twenty days. 28 C.F.R. § 542.13, 542.14(a). If the prisoner is not satisfied with the warden's response, he or she must appeal to the appropriate regional office within twenty days, and if unsatisfied with that response, to the General Counsel within thirty days thereafter. 28 C.F.R. § 542.15(a). *See* BOP Program Statement 1300.16.

3

(6th Cir. 2006). The "mandatory language [of the PLRA] means a court may not excuse a failure to exhaust." *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016). If the failure to exhaust administrative remedies is apparent from the face of the complaint, it is subject to dismissal upon initial screening. *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017); *Barnett v. Laurel Co., Ky.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017); *see also Jones*, 549 U.S. at 214-15 (district court may dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense).

Redd states that, while he filed a request with the Warden about being transferred near his home, he did not receive an answer "because this prison is racist." [R. 1, at 5]. He further states that "they don't like grievances" and that if you file one, you are "killing time" and that they are racist and "overlook everything." *Id*. at 5-6.

Redd alleges no facts supporting his claims of racism and futility of submission of grievances at FCI-Ashland. Regardless, the applicable federal regulation states that "[i]f the inmate does not receive a response within the time allotted for reply,…the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Thus, if the Warden did not respond to his request, that failure to respond is a constructive

4

denial of his grievance and Redd may then appeal to the Regional Office, then the Office of the General Counsel. He admits that he did not do so. Thus, Redd's admission that he has not yet exhausted his administrative remedies in this case warrants dismissal of his complaint without prejudice. *Napier v. Laurel County*, 636 F.3d 218, 222 (6th Cir. 2011).

**B.**

More fundamentally, however, dismissal is warranted because Redd's complaint fails to state a claim for which relief may be granted. A civil complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

Redd seeks to pursue claims for violations of his Fourth, Fifth, and Eighth Amendment rights against Warden David Lemaster, Counselors Amos and Maza, C.M.C. Counselor Issac, and former Warden Allen Beard, Jr. However, Redd makes no allegations of fact at all in support of a Fourth Amendment claim, such as facts suggesting

5

a wrongful search or seizure. A conclusory claim that defendants violated Redd's constitutional rights, with no factual allegations supporting such a claim, is insufficient to state a claim for relief. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."); *Laster v. Pramstaller*, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008). Thus, Redd's Fourth Amendment claim must be dismissed.

While Redd's vague references to frozen meals and inadequate health care, construed broadly, sound in the Eighth Amendment, he does not allege facts sufficient to state a claim for an Eighth Amendment violation against any of the named defendants. While *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) expressly validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Iqbal*, 556 U.S. at 676-677; *see also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017).[2] Thus, in order to recover against a given defendant in a *Bivens* action, the plaintiff "must allege that the defendant [was]

---

[2] Redd seeks no particular relief with respect to his Eighth Amendment claims, only that the Court and the Inspector General "review his rights." [R. 1, at 8]. His only specific request for injunctive relief relates to his Due Process claim.

personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)).

With respect to an Eighth Amendment claim in particular, such a claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Thus, to state a viable Eighth Amendment claim, a plaintiff must allege, with respect to each defendant, that the particular defendant: 1) was actually aware of a substantial risk that the plaintiff would suffer serious harm; and 2) knowingly disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

With the exception of his allegations against former Warden Allen Beard, Redd's allegations are made against the Defendants as a group, with no particular conduct attributed to any specific individual Defendant. However, a "[p]laintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) (citations omitted). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d

7

468, 471 (6th Cir. 2010); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

With respect to former Warden Beard, Redd alleges that "under Warden Allen Beard Jr. we [were] receiving frozen meals lunch and dinner for about six months." [R. 1, at 2]. However, liability may not be imposed on Beard based solely upon his status as Warden, as the mere fact of supervisory capacity is not enough. Rather, an official must be personally involved in the conduct complained of because *respondeat superior* is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981); *see also Iqbal*, 556 U.S. at 677 ("[i]n a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer."). Absent allegations that Beard was personally involved in serving Redd with frozen food, that this frozen food created a substantial risk of serious harm to Redd, and Beard knowingly disregarded this risk, Redd's allegations are insufficient to state an Eighth Amendment claim against Beard based on the food being served at FCI-Ashland. *See Farmer*, 511 U.S. at 834; *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).

Similarly, with respect to Redd's claim that inmates did not receive medical care, Redd does not point to any particular instance where he sought medical care and was denied treatment.

8

Nor does he make any allegation that any of the administrative defendants identified by him were directly and personally involved in making medical decisions regarding Redd's medical care. *See Estate of Young v. Martin*, 70 F. App'x 256, 260-61 (6th Cir. 2003) (plaintiff failed to establish warden's personal involvement in inmate's medical care). Absent such allegations, his Eighth Amendment claims based on inadequate medical care fail.

Moreover, despite Redd's fleeting references to frozen meals, racism, and inadequate medical care, it is clear that heart of his complaint is his claim that prison officials have violated his Due Process rights by failing to transfer him to a facility in North Carolina and/or failing to consider him for home confinement. In fact, this Fifth Amendment Due Process claim is the only claim that he alleges that he pursued in his administrative remedy requests, [R. 1, at 5], and is the only claim referenced in the administrative remedy requests attached to his complaint. [R. 1-1, at 1-2]. In addition, his complaint does not even seek relief for his allegations of frozen food and inadequate medical care, but instead requests that he be transferred to North Carolina and reviewed for home confinement. [R. 1, at 8].

However, "[w]hen a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' and the treatment

9

programs (if any) in which he may participate." *Tapia v. United States*, 564 U.S. 319, 331 (2011)(citing 18 U.S.C. §§ 3621(b), (e), (f); 3624(f); 28 C.F.R. pt. 544 (2010)). An inmate has no liberty interest in being placed in any particular penal institution, *Olim v. Wakinekona*, 461 U.S. 238, 247 (1983), or classified at any particular security level, *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995), and hence no rights protected by the Due Process Clause in that regard. *Sandin*, 515 U.S. at 484-86; *see also Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("...the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.") (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) ("Congress has given federal prison officials full discretion to control [prisoner classification and eligibility for rehabilitative programs in the federal system], 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process."); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003).

To the extent that Redd claims that he is entitled to placement in home confinement, while 18 U.S.C. § 3624(c) authorizes the BOP to *consider* placing an inmate in home confinement, a

prisoner is not automatically entitled, or guaranteed, such placement for any amount of time. 18 U.S.C. § 3624(c); *see also Heard v. Quintana*, 184 F.Supp. 3d 515, 520 (E.D. Ky. 2016); *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Boals v. Quintana*, No. 5:15-cv-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015). Rather, "the decision to place an inmate in pre-release community confinement and/or home confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)." *Boals*, 2015 WL 8665404 at *2 (citing *McIntosh v. Hickey*, No. 10-cv-126-JMH, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010)). Moreover, the BOP's placement decisions, including determinations regarding home confinement, are expressly insulated from judicial review, as the provisions of the Administrative Procedures Act ("APA") do not apply to such decisions. 28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Cf. *Woodard v. Quintana*, No. 5:15-cv-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015). Thus, Redd's Fifth Amendment Due Process claim based on his prison designation and request for home confinement fails.

For all of these reasons, Redd's complaint fails to state a claims for which relief may be granted and will be dismissed. While

11

his Fourth and Eighth Amendment claims will be dismissed without prejudice, his Fifth Amendment Due Process claim based on his prison designation and request for home confinement will be dismissed with prejudice.

Accordingly, it is hereby **ORDERED** as follows:

(1) Redd's motion to proceed *in forma pauperis* [R. 5] is **GRANTED**. Section 1915(b)(1) requires a prisoner-plaintiff to pay the $350.00 filing fee for a civil action as set forth below:

> (a) The financial documentation filed by Redd indicates that he lacks sufficient income or assets to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1)(A), and payment of such fee is therefore **DEFERRED**;
>
> (b) The Clerk of the Court shall open an account in Redd's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Redd's name, (b) his inmate registration number, and (c) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Redd is currently confined; and
>
> (c) Each month Redd's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00. The

custodian shall continue such monthly payments until the entire $350.00 filing fee is paid.  28 U.S.C. § 1915(b)(2);

(2) Redd's complaint [R. 1] is **DISMISSED** for failure to state a claim for which relief may be granted:

(a) Redd's Fourth and Eighth Amendment claims are **DISMISSED WITHOUT PREJUDICE;** and

(b) Redd's Fifth Amendment Due Process claim is **DISMISSED WITH PREJUDICE;**

(3) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(4) Judgment shall be entered contemporaneously herewith.

This 2nd day of February, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

13